**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 19 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROXANA BERNAL PEREZ, | No. 16-73021 |
| Petitioner, | Agency No. A073-937-059 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2019**

Before:    SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Roxana Bernal Perez, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying her motion to reopen

removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

for abuse of discretion the BIA's denial of a motion to reopen. *Cano-Merida v.*

*INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny in part and dismiss in part the

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

petition for review.

The BIA did not abuse its discretion in denying Bernal Perez's motion to reopen as untimely, where it was filed more than 11 years after the order of removal became final, *see* 8 C.F.R. § 1003.2(c)(2), and Bernal Perez has not established changed country conditions in Mexico to qualify for the regulatory exception to the filing deadline, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (requiring movant to produce material evidence with motion to reopen that conditions in country of nationality had changed); *see also Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016) ("the changed country conditions exception is concerned with two points in time: the circumstances of the country at the time of the petitioner's previous hearing, and those at the time of the motion to reopen."). We do not consider the materials Bernal Perez references in her opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc). In light of this disposition, we do not reach Bernal Perez's contentions as to prima facie eligibility.

We lack jurisdiction to review the BIA's determination not to reopen proceedings sua sponte. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions

2                                                                           16-73021

for legal or constitutional error.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**